EX PARTE BRUCE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-447-CR

EX PARTE 

GLEN RAY BRUCE 

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Glen Ray Bruce appeals from the denial of a pretrial writ of habeas corpus.  In his sole point, he contends that the trial court erred by sua sponte declaring a mistrial for ineffective assistance of counsel where no “manifest necessity” existed.  We affirm.

Background

Appellant was charged with aggravated sexual assault of a child and indecency with a child.  The trial court had previously granted the State’s motion in limine that prevented defense counsel from discussing specific instances of misconduct under Texas Rule of Evidence 608. 
 Tex. R. Evid
. 608.  Specifically, defense counsel was prohibited from mentioning that complainant had made previous false accusations of sexual misconduct.

During opening statements before the jury, defense counsel stated, “[D.H.] then will be -- should be able to remember and will tell you that this summer -- and Donna [H.] and Ricky [H.], her parents, will tell you that this summer [D.H.] admitted making a false --.”  The State immediately objected, and the court ordered the jury out of the courtroom.

After admonishing defense counsel, the State told the court that although it was not asking for it, the court on its own motion could grant a mistrial and jeopardy would not attach.  After a brief recess, the court declared a mistrial based on “the inability of counsel to furnish effective assistance of counsel to the Defendant.”  The court found that a mistrial was a manifest necessity and “the statements made were so outside the record and so unable of being supported by evidence in the presence of the jury that an instruction to disregard could not remove the cloud from the minds of the jury.”  The court further held defense counsel in contempt of court and sentenced him to fourteen days confinement in county jail and a $500 fine.

Prior to retrial, appellant filed an application for writ of habeas corpus, and the trial court conducted a double jeopardy hearing.  The trial judge recused himself from the hearing and the case and testified at the hearing.
(footnote: 1)  In addition to discussing his reasoning for granting the motion in limine and then granting the mistrial, the trial judge testified that some of the jurors told him that it seemed like defense counsel was trying to plant a seed that the complainant had made a false accusation.  The State prosecutor also testified that although the court considered less dramatic measures, the court agreed that an instruction to disregard would not cure the harm because the entire case rested on the complainant’s credibility, and the mere mention of the word “false tainted the trial so much that the State would never be entitled to a fair trial.” The trial court took the case under advisement for two weeks and then overruled appellant’s motion for double jeopardy.

Discussion

In his sole point, appellant argues that the trial court erred by sua sponte declaring a mistrial for ineffective assistance of counsel where no “manifest necessity” existed.  He alleges that this ruling violated his constitutional right against double jeopardy.  The State responds that the record demonstrates that defense counsel created a “manifest necessity” for mistrial when he made his statement.  

 In a writ of habeas corpus hearing, the burden of proof is on the appellant to prove his allegations by a preponderance of the evidence.
  Ex parte Thomas
, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); 
Ex parte Adams
, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986); 
Barnes v. State
, 70 S.W.3d 294, 301 (Tex. App.—Fort Worth 2002, pet. ref’d).  In reviewing the trial court’s decision, we view the evidence in the light most favorable to the ruling and accord great deference to the trial court’s findings and conclusions.  
See Ex parte Lafon
, 977 S.W.2d 865, 867 (Tex. App.—Dallas 1998, no pet.).  Absent a clear abuse of discretion, we accept the trial court’s decision whether to grant the relief requested in a habeas corpus application. 
Ex parte Spaulding
, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); 
Ex parte Mann
, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.); 
Ex parte Ayers
, 921 S.W.2d 438, 440 (Tex. App.—Houston [1
st
 Dist.] 1996, no pet.). 

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. 
 United States v. Dixon
, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 2855-56 (1993);
 Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g).
  In a jury trial, jeopardy attaches when the jury is impaneled and sworn in to try the case.  
Crist v. Bretz
, 437 U.S. 28, 47, 98 S. Ct. 2156, 2167 (1978); 
Ex parte Little
, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994).  

When a trial court grants a mistrial without a defendant's consent, retrial will be barred by double jeopardy unless manifest necessity to grant the mistrial is shown. 
 Harrison v. State
, 767 S.W.2d 803, 806 (Tex. Crim. App. 1989);  
see also State v. Lee
, 15 S.W.3d 921, 923-25 (Tex. Crim. App. 2000);
 Brown v. State
, 907 S.W.2d 835, 838-41 (Tex. Crim. App. 1995);
 but see Ex parte Bauder
, 974 S.W.2d 729, 731-32 (Tex. Crim. App. 1998) (stating where trial court grants a mistrial due to prosecutorial misconduct, test is not whether trial court would have abused its discretion by denying motion for mistrial, but whether appellant truly consented to the mistrial). 
 While the United States Supreme Court has declined to formulate rules based on categories of circumstances in which manifest necessity exists, a trial judge’s discretion to declare a mistrial based on manifest necessity is limited to “very extraordinary and striking circumstances.”  
Ledesma v. State
, 993 S.W.2d 361, 365 (Tex. App.—Fort Worth 1999, pet. ref’d) (quoting 
Downum v. United States
, 372 U.S. 734, 736, 83 S. Ct. 1033, 1034 (1963)).  

As a general rule, manifest necessity exists where the circumstances render it impossible to reach a fair verdict, where it is impossible to proceed with trial, or where the verdict would be automatically reversed on appeal because of trial error.  
Parrish v. State
, 38 S.W.3d 831, 834 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d).  Not only is “necessity” the operative word, but there must be a “high degree” of necessity that the initial trial ends prematurely.  
See Arizona v. Washington
, 434 U.S. 497, 506, 98 S. Ct. 824, 831 (1978); 
Ledesma
, 993 S.W.2d at 365.  

Before granting a mistrial on the grounds of manifest necessity, a trial court must determine whether alternative courses of action are available and, if so, choose one that is less drastic than a mistrial.  
See Brown v. State
, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995); 
Ledesma
, 993 S.W.2d at 365.  The trial judge who declares a mistrial need not expressly state on the record the considerations that were given to less drastic alternatives, provided the record adequately discloses the basis for the mistrial.  
Ledesma
, 993 S.W.2d at 365; 
see also Ex parte Fierro
, 79 S.W.3d 54, 57 (Tex. Crim. App. 2002) (holding that a trial judge abuses his discretion when he fails to explicitly or implicitly rule out a less drastic alternative in favor of granting a mistrial).  

As the reviewing court, we must determine whether the trial judge acted irrationally or irresponsibly and whether the mistrial order reflects the exercise of sound discretion.  
Ledesma
, 993 S.W.2d at 365 (reviewing the trial court’s finding of manifest necessity for mistrial by applying an abuse of discretion standard); 
see also Parrish
, 38 S.W.3d at 835.  Moreover, if the record shows that the trial judge exercised sound discretion in finding a manifest necessity for a retrial, the judge’s sua sponte declaration of a mistrial is not incorrect just because the reviewing court might have ruled differently.  
See Arizona
, 434 U.S. at 514-16, 98 S. Ct. at 834-35; 
Ledesma
, 993 S.W.2d at 365.

There can be no condition in which the necessity for the exercise of this power is more manifest than when it is made to appear to the court that the jurors are subject to such bias or prejudice as not to stand impartial between the government and the accused.  
Parrish
, 38 S.W.3d at 835; 
Ex parte James
, 967 S.W.2d 498, 500 (Tex. App.—Amarillo 1998, pet. ref’d).  In 
Arizona v. Washington
, the Supreme Court emphasized that in the context of a declaration of mistrial involving an assessment of the prejudicial impact upon the jury of some impropriety, the trial judge’s decision is entitled to great deference.  
434 U.S. at 513-16, 98 S. Ct. at 834-36.  “Neither party has a right to have his case decided by a jury which may be tainted by bias; in these circumstances, ‘the public’s interest in fair trials designed to end in just judgments’ must prevail over the defendant’s ‘valued right’ to have his trial concluded before the first jury impaneled.”  
Id
. at 516, 98 S. Ct. at 835-36 (quoting 
Wade v. Hunter
, 336 U.S. 684, 689, 69 S. Ct. 834, 837 (1949)).

After reviewing the record, we cannot fault the trial judge, who was present and had the obvious opportunity to observe the jurors’ demeanor, for determining within the sound boundaries of discretion that the jury was tainted by defense counsel’s partial statement.  These facts are similar to those in 
Arizona
 
v. Washington
 in that the trial court declared a mistrial because defendant’s lawyer made an improper and prejudicial remark during opening statements.  
Id
. at 499, 98 S. Ct. at 827.  The Court held that “[a]n improper opening statement [presented by a defense lawyer] unquestionably tends to frustrate the public interest in having a just judgment reached by an impartial tribunal.”  
Id
. at 512, 98 S. Ct. at 834. 

Here, the trial judge was faced with the choice of continuing a trial, in which defense counsel had implied that the complainant had made prior false accusations of sexual assault, or declaring a mistrial.  The trial judge was in the  best position to determine if the jury would be biased by the statement because he listened to the delivery of the argument and observed the apparent reaction of the jurors.  
Id
. at 514, 98 S. Ct. at 834 (stating that the trial judge is far more “conversant with the factors relevant to the determination” than a reviewing court would be in declaring a mistrial).  He had previously granted the State’s motion in limine concerning the false accusation and had warned defense counsel not to discuss it because it violated Texas Rule of Evidence 608(b). 
 Tex. R. Evid
. 608(b).  The judge had warned defense counsel at least six months prior to trial that the allegation was inadmissible.  The trial judge and attorneys also had another pretrial conference in which the judge again stated that it would not be admissible.

After defense counsel made the partial statement and the trial judge removed the jury, the trial judge stated, “I have told you repeatedly, repeatedly in chambers when you said you wanted to go into this that you need to read the Rules of Evidence, that you need to read specific instances of misconduct. I have told you, I have told you, I have told you.”  Furthermore, during the habeas hearing, the trial judge testified that some of the jurors told him that it seemed like the defense was trying to plant a seed that the complainant had made a false accusation.

The trial court stated on the record that it was declaring a mistrial based on the inability of counsel to furnish effective assistance of counsel.  Although appellant argues his partial statement alone did not constitute ineffective assistance of counsel, the record clearly indicates that the trial judge considered the circumstances that occurred before the statement, which included the pretrial conferences concerning the issue and the granting of the State’s motion in limine.  The trial judge stated, “The Court is concerned based upon the actions of counsel that [have] been demonstrated to the court thus far that this Defendant will receive effective assistance of counsel in this trial if this cause continues . . . .”  Thus, the trial judge did not rely on one isolated incident to reach his conclusion and declare a mistrial.  
See Brazzell v. State
, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972) (holding that trial court has discretion to assess an appropriate remedy for a violation of a ruling on a motion in limine); 
Harnett v. State
, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref’d).

He further found that defense counsel’s statements were so outside the record and clearly calculated to inflame the minds of the jury “that an instruction to disregard could not remove the cloud from the minds of the jury.”  Thus, the trial court determined whether alternative courses of action were available and then ruled a mistrial was a manifest necessity.  
See Ledesma
, 993 S.W.2d at 365 (holding that a trial court must determine whether alternative courses of action are available and, if so, choose one that is less drastic than a mistrial).  Based on this record, we cannot say that the trial judge abused his discretion by declaring a mistrial.  
See Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (holding that the determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case), 
cert. denied
, 529 U.S. 1070 (2000). 

Accordingly, the State is not jeopardy-barred from retrying appellant, and the trial court did not err in refusing habeas corpus relief.  Appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, the trial court’s order is affirmed.

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

PUBLISH

DELIVERED: June 19, 2003

FOOTNOTES
1:
Although not raised as a separate point, appellant argues that this court should not consider the habeas corpus hearing testimony of the trial judge because rule 605 prohibits a presiding judge to testify in that trial as a witness.  
Tex. R. Evid
. 605 (stating that the “judge presiding at the trial may not testify in that trial as a witness).  The language of rule 605 is unambiguous in its prohibition against a judge who is presiding over a proceeding from stepping down from the bench and becoming a witness in the very same proceeding over which he is currently presiding.
  Hensarling v. State
, 829 S.W.2d 168, 170 (Tex. Crim. App. 1992); 
Franks v. State, 
90 S.W.3d 771, 781 (Tex. App.—Fort Worth 2002, no pet.).  Here, a different judge presided over the habeas corpus hearing.  Although the trial judge had not officially recused himself from the case when the State called him as a witness, he did shortly thereafter voluntarily recuse himself.  Thus, he was not “stepping down from the bench” and testifying as a witness in the very same proceeding over which he was currently presiding. 
 Hensarling
, 829 S.W.2d at 170.  Thus, we will consider the trial judge’s testimony at the habeas corpus hearing.