# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00346-CR

**Ex parte Robert Irving**

**FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY**
**NO. 595051, HONORABLE MIKE DENTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After jeopardy attached at appellant Robert Irving's trial for assault, a mistrial was declared on the State's motion. A new trial was scheduled for the following day, but appellant applied for a writ of habeas corpus urging that further prosecution was barred by the Fifth Amendment guarantee against double jeopardy. The trial court denied habeas corpus relief, and this appeal followed. We will affirm the trial court's order.

Appellant stands accused of assaulting Misti Barkley in an Austin apartment. Apparently, both were known to the police before this incident. After the jury was selected and sworn, and just before testimony began, the State made an oral motion in limine: "Yesterday during a brief discovery hearing [defense counsel] talked about several instances of prior police involvement with the defendant and Ms. Barkley. The State would make a motion that those instances not be gone into during the case in chief. We think it would prejudice the jury as far as any prior incidents."

The court granted the motion and instructed counsel for both parties to approach the bench for a ruling before inquiring about any other contacts between the police, appellant, and Barkley.

The State's first witness was the police officer who responded to reports of a woman screaming in an apartment on Durwood Street. The officer described what he saw and was told by Barkley and appellant at the apartment. During cross-examination, defense counsel asked, "Officer, in your report you state that Ms. Barkley is a prostitute who trades sex for drugs; is that correct?" The State objected, and the jury was removed from the courtroom. The court asked counsel to explain why she asked this question in light of the limine order. Counsel responded that she did not believe that the question was within the scope of that order. She added that Barkley's status as a prostitute went to her credibility. The State moved for a mistrial, arguing that the jury had been tainted with the accusation that the complaining witness was a prostitute and drug addict. The court took a ten-minute recess and after hearing arguments from both parties, granted the motion over appellant's objection.

If a mistrial is declared over the defendant's objection after the jury is sworn, a retrial is barred by double jeopardy unless there was a manifest necessity for the mistrial. *Arizona v. Washington*, 434 U.S. 497, 505 (1978); *Ex parte Fierro*, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002). The "manifest necessity" standard cannot be applied "mechanically or without attention to the particular problem confronting the trial judge. Indeed, it is manifest that the key word 'necessity' cannot be interpreted literally; instead, . . . there are degrees of necessity and we require a 'high degree' before concluding that a mistrial is appropriate." *Washington*, 434 U.S. at 506.

2

Appellant asserts that there was no manifest necessity for a mistrial here because counsel's question did not violate the court's limine order and was in any case permissible under the Sixth Amendment. He further argues that if the question was improper, the error could have been cured by a less drastic alternative, such as an instruction to disregard.

Appellant argues that the court's limine order did not prohibit questions regarding statements made in the officer's offense report. This argument is disingenuous. The statement in the offense report concerning Barkley's record of prostitution and drug use was obviously based on her previous encounters with the police. As such, both the statement in the offense report and the question posed by counsel were within the scope of the court's order.

Appellant also contends he had a Sixth Amendment right to question the officer about Barkley's record of drug use because it was relevant to his defense. He refers us to the officer's testimony that appellant told him at the time of the incident that Barkley forced her way into the apartment and attacked him, and that he sprayed her with chemical mace in self-defense. Appellant claims that Barkley's drug addiction provided a motive for her to break into appellant's apartment and attempt to rob him. He offers no justification for introducing evidence of Barkley's prior acts of prostitution other than to suggest that she engaged in these acts to get money for drugs.

While a defendant has a constitutional right to present a defense, he must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). Among these established rules and procedures is the rule excluding hearsay. Tex. R. Evid. 802. Although there is a hearsay exception for public records, this exception does not apply to matters observed by

3

police officers and contained in their offense reports. Tex. R. Evid. 803(8)(B). Even if Barkley's drug addiction and acts of prostitution were relevant to appellant's defense, he was not entitled to prove these facts by introducing the contents of the officer's offense report.

With respect to appellant's argument that the error could have been cured by an instruction to disregard, we are guided by the Supreme Court's opinion in *Arizona v. Washington*. In that case, the trial judge ordered a mistrial because the defendant's lawyer made improper and prejudicial remarks during his opening statement to the jury. 434 U.S. at 510. The Court wrote, "[A]long the spectrum of trial problems which may warrant a mistrial and which vary in their amenability to appellate scrutiny, the difficulty which led to the mistrial in this case . . . falls in an area where the trial judge's determination is entitled to special respect." *Id*. It went on:

> We recognize that the extent of the possible [jury] bias [resulting from the remarks] cannot be measured, and that . . . some trial judges might have proceeded with the trial after giving the jury appropriate cautionary instructions. In a strict, literal sense, the mistrial was not "necessary." Nevertheless, the overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment.

*Id*. at 511.

The court below was in the best position to judge whether the jurors would be biased by their knowledge of the alleged assault victim's bad character as revealed by the improper question. The court did not act precipitously. After the question was asked and the State moved for a mistrial, the court took a recess to consider the matter. It then gave both parties a full opportunity to argue the merits of a mistrial as opposed to some less drastic remedy. The court appears to have

4

carefully balanced appellant's interest in having the trial concluded in a single proceeding and the State's interest in having the case decided by a jury untainted by bias. *See id*. at 515-16. On this record, we cannot say that the court abused its discretion by determining that an instruction to disregard was inadequate and declaring a mistrial. *See Ex parte Bruce*, 112 S.W.3d 635, 641-42 (Tex. App.—Fort Worth 2003, pet. dism'd, untimely filed) (finding no abuse of discretion in declaring mistrial after defense counsel violated limine order and told jury in opening statement that complainant had made previous false accusations of sexual misconduct). It follows that the court properly denied appellant's requested habeas corpus relief.

The order is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 4, 2004

Do Not Publish

5