TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00346-CR







Ex parte Robert Irving







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY


NO. 595051, HONORABLE MIKE DENTON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



After jeopardy attached at appellant Robert Irving's trial for assault, a mistrial was
declared on the State's motion. A new trial was scheduled for the following day, but appellant
applied for a writ of habeas corpus urging that further prosecution was barred by the Fifth
Amendment guarantee against double jeopardy. The trial court denied habeas corpus relief, and this
appeal followed. We will affirm the trial court's order.

Appellant stands accused of assaulting Misti Barkley in an Austin apartment. 
Apparently, both were known to the police before this incident. After the jury was selected and
sworn, and just before testimony began, the State made an oral motion in limine: "Yesterday during
a brief discovery hearing [defense counsel] talked about several instances of prior police involvement
with the defendant and Ms. Barkley. The State would make a motion that those instances not be
gone into during the case in chief. We think it would prejudice the jury as far as any prior incidents." 
The court granted the motion and instructed counsel for both parties to approach the bench for a
ruling before inquiring about any other contacts between the police, appellant, and Barkley.

The State's first witness was the police officer who responded to reports of a woman
screaming in an apartment on Durwood Street. The officer described what he saw and was told by
Barkley and appellant at the apartment. During cross-examination, defense counsel asked, "Officer,
in your report you state that Ms. Barkley is a prostitute who trades sex for drugs; is that correct?" 
The State objected, and the jury was removed from the courtroom. The court asked counsel to
explain why she asked this question in light of the limine order. Counsel responded that she did not
believe that the question was within the scope of that order. She added that Barkley's status as a
prostitute went to her credibility. The State moved for a mistrial, arguing that the jury had been
tainted with the accusation that the complaining witness was a prostitute and drug addict. The court
took a ten-minute recess and after hearing arguments from both parties, granted the motion over
appellant's objection.

If a mistrial is declared over the defendant's objection after the jury is sworn, a retrial
is barred by double jeopardy unless there was a manifest necessity for the mistrial. Arizona v.
Washington, 434 U.S. 497, 505 (1978); Ex parte Fierro, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002). 
The "manifest necessity" standard cannot be applied "mechanically or without attention to the
particular problem confronting the trial judge. Indeed, it is manifest that the key word 'necessity'
cannot be interpreted literally; instead, . . . there are degrees of necessity and we require a 'high
degree' before concluding that a mistrial is appropriate." Washington, 434 U.S. at 506.

Appellant asserts that there was no manifest necessity for a mistrial here because
counsel's question did not violate the court's limine order and was in any case permissible under the
Sixth Amendment. He further argues that if the question was improper, the error could have been
cured by a less drastic alternative, such as an instruction to disregard.

Appellant argues that the court's limine order did not prohibit questions regarding
statements made in the officer's offense report. This argument is disingenuous. The statement in
the offense report concerning Barkley's record of prostitution and drug use was obviously based on
her previous encounters with the police. As such, both the statement in the offense report and the
question posed by counsel were within the scope of the court's order.

Appellant also contends he had a Sixth Amendment right to question the officer about
Barkley's record of drug use because it was relevant to his defense. He refers us to the officer's
testimony that appellant told him at the time of the incident that Barkley forced her way into the
apartment and attacked him, and that he sprayed her with chemical mace in self-defense. Appellant
claims that Barkley's drug addiction provided a motive for her to break into appellant's apartment
and attempt to rob him. He offers no justification for introducing evidence of Barkley's prior acts
of prostitution other than to suggest that she engaged in these acts to get money for drugs.

While a defendant has a constitutional right to present a defense, he must comply with
established rules of procedure and evidence designed to assure both fairness and reliability in the
ascertainment of guilt and innocence. Chambers v. Mississippi, 410 U.S. 284, 302 (1973). Among
these established rules and procedures is the rule excluding hearsay. Tex. R. Evid. 802. Although
there is a hearsay exception for public records, this exception does not apply to matters observed by
police officers and contained in their offense reports. Tex. R. Evid. 803(8)(B). Even if Barkley's
drug addiction and acts of prostitution were relevant to appellant's defense, he was not entitled to
prove these facts by introducing the contents of the officer's offense report.

With respect to appellant's argument that the error could have been cured by an
instruction to disregard, we are guided by the Supreme Court's opinion in Arizona v. Washington. 
In that case, the trial judge ordered a mistrial because the defendant's lawyer made improper and
prejudicial remarks during his opening statement to the jury. 434 U.S. at 510. The Court wrote,
"[A]long the spectrum of trial problems which may warrant a mistrial and which vary in their
amenability to appellate scrutiny, the difficulty which led to the mistrial in this case . . . falls in an
area where the trial judge's determination is entitled to special respect." Id. It went on:


 We recognize that the extent of the possible [jury] bias [resulting from the
remarks] cannot be measured, and that . . . some trial judges might have proceeded
with the trial after giving the jury appropriate cautionary instructions. In a strict,
literal sense, the mistrial was not "necessary." Nevertheless, the overriding interest
in the evenhanded administration of justice requires that we accord the highest degree
of respect to the trial judge's evaluation of the likelihood that the impartiality of one
or more jurors may have been affected by the improper comment.



Id. at 511.

The court below was in the best position to judge whether the jurors would be biased
by their knowledge of the alleged assault victim's bad character as revealed by the improper
question. The court did not act precipitously. After the question was asked and the State moved for
a mistrial, the court took a recess to consider the matter. It then gave both parties a full opportunity
to argue the merits of a mistrial as opposed to some less drastic remedy. The court appears to have
carefully balanced appellant's interest in having the trial concluded in a single proceeding and the
State's interest in having the case decided by a jury untainted by bias. See id. at 515-16. On this
record, we cannot say that the court abused its discretion by determining that an instruction to
disregard was inadequate and declaring a mistrial. See Ex parte Bruce, 112 S.W.3d 635, 641-42
(Tex. App.--Fort Worth 2003, pet. dism'd, untimely filed) (finding no abuse of discretion in
declaring mistrial after defense counsel violated limine order and told jury in opening statement that
complainant had made previous false accusations of sexual misconduct). It follows that the court
properly denied appellant's requested habeas corpus relief.

The order is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 4, 2004

Do Not Publish