COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-09-244-CR

        2-09-245-CR

EX PARTE JEREMIAH CRAFT 

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)
 

------------

Appellant Jeremiah Craft appeals the trial court’s denial of his request for relief on habeas corpus.
(footnote: 2)  The issue is whether the trial court abused its discretion in finding that the State was ready for trial within ninety days of appellant’s detention.  Because we hold that the record supports the trial court’s ruling, we affirm.

Appellant was in jail pending trial on a misdemeanor drug charge when the district attorney filed two felony informations alleging that appellant had committed murder and sexual assault of a child.  Bond was set at one million dollars for each of these two offenses.  The grand jury returned indictments ninety-nine days later.

Appellant applied to the trial court for writ of habeas corpus, seeking pretrial release on the grounds that the State was not ready for trial within ninety days as required by code of criminal procedure article 17.151.
(footnote: 3)  The trial court granted the writ and ordered a hearing.

At the hearing, the trial court admitted felony informations, capiases, and officer’s returns showing that appellant had been apprehended at the jail and charged with murder and sexual assault of a child on February 5, 2009.  The trial court also admitted grand jury indictments for these charges returned on May 15, 2009.  The State had filed its announcement of ready, asserting that it had been ready, “at least since the indictment[s were] returned,” on June 17, 2009. 

Young County Sheriff’s Investigator Tim Bay testified that the district attorney’s office had been ready for trial since the date the felony informations were filed.  District Attorney’s Office Investigator James Reeves testified that the State had been ready since appellant’s arrest on the murder and sexual assault charges.  Investigator Bay, as well as appellant’s father Robert Fournier, testified that appellant had been arrested on January 15, 2009, on a misdemeanor drug charge.  Appellant pleaded guilty to that charge and judgment was entered on June 3, 2009.  Sheriff’s Deputy Tommy Martin testified that, at the time of the hearing, June 19, 2009, appellant was not being held on any accusation other than the charges of murder and sexual assault of a child.
(footnote: 4)
 Appellant argued to the trial court that “an information is not an indictment” and because he had not waived indictment and because the indictments were not returned until after the ninety days had run, the State could not be ready for trial within the required time frame.  The State argued that the case law suggests that either an indictment or information is sufficient to show readiness.  The trial court acknowledged that appellant had not waived indictment and denied relief. 

We review a trial court’s decision to deny relief on a claim that the State violated article 17.151 for an abuse of discretion.
(footnote: 5)  In reviewing the trial court’s decision, we view the evidence in the light most favorable to the ruling.
(footnote: 6) 

The Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case.
(footnote: 7)  Absent an indictment or valid waiver, a district court does not have jurisdiction over that case.
(footnote: 8)  For the waiver to be effective, the accused must be represented by counsel, the waiver must be made in open court or in writing, and it must be voluntary.
(footnote: 9)  Unless the right is effectively waived, a felony case must be prosecuted upon an indictment.
(footnote: 10)  A felony information without a valid waiver of indictment is void.
(footnote: 11)  The State cannot be ready for trial for purposes of article 17.151 without an indictment.
(footnote: 12) 

Appellant argued that because he did not waive his right to a grand jury indictment, the information was ineffective as a charging instrument.  He also argued that because the indictments in this case were not returned until May 15, 2009, after the statutory ninety-day window had closed, the State could not show that it was ready for trial. 

Appellant confuses the issue of whether the State’s charging instrument was valid with the issue of whether the State was ready for trial.  As we stated at the outset, the issue in this case is the latter; it is not the former.  While the State cannot be ready for trial 
without
 a charging instrument, once it has one, the validity of that instrument is immaterial to the State’s readiness.  Indeed, the case law offers numerous examples in which the State’s charging instruments were defective—even void in some instances—yet the cases proceeded through the phases of trial, conviction, and appeal.
(footnote: 13) 

Here, the issue is simply whether the record reasonably supports the trial court’s finding that the State was ready for trial within the ninety days set out in article 17.151.  Investigator Bay testified that the State had been ready since the date the information was filed, which was the date of appellant’s arrest, and Investigator Reeves testified that the State had been ready since the date appellant was arrested.  Thus, viewed in the light most favorable to the trial court’s ruling, the record reasonably supports the trial court’s finding that the State was timely ready for trial.  Because the record supports the trial court’s decision to deny relief, we hold there was no abuse of discretion.
(footnote: 14)  The trial court’s order denying habeas relief is affirmed.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  September 3, 2009

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See
 Tex. R. App. P. 31.

3:
Article 17.151, “Release Because of Delay,” provides, in pertinent part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony. . . . 

Tex. Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2008).

4:
It is an exception to article 17.151‘s requirement that the State be ready for trial within ninety days of the defendant’s incarceration if the defendant is currently being held on other accusations for which the applicable time period has not run.  Tex. Code Crim. Proc. Ann. art. 17.151, § 2(2) (Vernon Supp. 2008). 

5:
Ex parte Karlson
, 282 S.W.3d 118, 127–28 (Tex. App.—Fort Worth 2009, pet. ref’d)
; see Jones v. State
, 803 S.W.2d 712, 719 (Tex. Crim. App. 1991).

6:
Ex parte Karlson
, 282 S.W.3d at 127–28; 
Ex parte Bruce
, 112 S.W.3d 635, 639 (Tex. App.—Fort Worth 2003, pet. dism’d); 
see
 
Ex parte Amezquita,
 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); 
Ex parte Okere,
 56 S.W.3d 846, 854 (Tex. App.—Fort Worth 2001, pet. ref’d).

7:
Tex. Const. art. I, § 10; 
Teal v. State
, 230 S.W.3d 172, 174 (Tex. Crim. App. 2007); 
Duron
 
v. State
, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997); 
see also
 Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005) (“No person shall be held to answer for a felony unless on indictment of a grand jury.”).

8:
Teal
, 230 S.W.3d at 174–75; 
Cook v. State
, 902 S.W.2d 471, 475–76 (Tex. Crim. App. 1995).

9:
Tex. Code Crim. Proc. Ann. art. 1.141; 
see King v. State
, 473 S.W.2d 43, 52 (Tex. Crim. App. 1971).

10:
Tex. Code Crim. Proc. Ann. arts. 1.05, 1.141; 
see Lackey v. State
, 574 S.W.2d 97, 100 (Tex. Crim. App. [Panel Op.] 1978) (holding that trial court’s jurisdiction to proceed on felony information requires valid waiver of indictment).

11:
King
, 473 S.W.2d at 52; 
but see Ex parte Long
, 910 S.W.2d 485, 487 (Tex. Crim. App. 1995) (Meyers, J.; concurring).

12:
Kernahan v. State
, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983); 
Ex parte White
, No. 02-07-00182-CR, 2008 WL 110281, at *1 (Tex. App.—Fort Worth Jan. 10, 2008, no pet.) (mem. op., not designated for publication).

13:
See, e.g., Cook
, 902 S.W.2d at 474; 
Behrend v. State
, 729 S.W.2d 717 (Tex. Crim. App. 1987); 
Ward v. State
, 659 S.W.2d 643 (Tex. Crim. App. 1983); 
Pate v. State
, 592 S.W.2d 620 (Tex. Crim. App. 1980).

14:
See Jones
, 803 S.W.2d at 719.