Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







EX PARTE:


ENRIQUE CHAVEZ CONTRERAS





§


 


§


 


§


 


§


 


§



§

No. 08-05-00397-CR



Appeal from


 109th District Court


of Winkler County, Texas


(TC # 4016)





O P I N I O N



 Enrique Chavez Contreras appeals from an order denying his application for writ of habeas
corpus. For the reasons that follow, we affirm.

FACTUAL SUMMARY


 On February 4, 1995, Appellant was arrested at the La Tropicana dance hall in Kermit, Texas,
after a dollar bill containing cocaine was found hidden inside of his hat. A Winkler County grand
jury indicted Appellant on March 30, 1995 for possession of less than one gram of cocaine, a state
jail felony. The case was set for trial on September 17, 1996, but was continued at the request of
Appellant's attorney, Rhett Hoestenbach. The case was reset for March 6, 1999, but it was continued
at the request of Appellant's attorney, Robert Garcia. On June 7, 1999, Appellant entered a
negotiated guilty plea and was sentenced to two years' confinement in the state jail, probated for
three years. This sentence was to run concurrent with the term of community supervision in cause
number B-27-337 in the 161st District Court of Ector County. At the guilty plea, Appellant
judicially confessed to the charged offense, was properly admonished by the trial court, and
expressed satisfaction with the legal representation provided him by Garcia. Appellant did not
appeal either conviction. On June 10, 2002, the trial court entered an order discharging Appellant
from probation.

 On May 16, 2005, Appellant filed an application for writ of habeas corpus based on
allegations of ineffective assistance of counsel. He claimed that attorney Garcia was ineffective
because he failed to file a motion to suppress evidence, advised him to plead guilty, and failed to file
a motion to dismiss due to a speedy trial violation. In the application, Appellant contended that he
was restrained because the United States Immigration Service was seeking to deport him based on
his possession of cocaine conviction. The trial court conducted a hearing on the application, but
Appellant did not call either of his former attorneys or any other witness to testify.

 Appellant was the sole witness at the hearing. He testified that on the date in question, he
attempted to enter the La Tropicana dance hall in Kermit, Texas. A security guard, Mike Castillo,
stopped Appellant at the door and grabbed his hand. When Appellant jerked his hand away, Castillo
wrestled Appellant to the floor and handcuffed him. Castillo then searched Appellant's hat and
found a dollar bill inside of it. Castillo placed the dollar in Appellant's front shirt pocket. Deputy
David Watson arrived at the scene but the dollar was no longer in Appellant's shirt pocket. 
Appellant, who was in handcuffs, denied removing the dollar from his pocket. However, he
admitted that the officers found .01 grams of cocaine in the pocket. 

 Appellant attached to his writ application the written statements of Mike Castillo and Rosella
Tavarez, and the written reports of deputies David Watson and George Keely. According to his
statement, Castillo was at the door of the dance hall performing searches when Appellant arrived. 
Castillo was searching Appellant's hat when he noticed some lumps in the rim. When he attempted
to examine them, Appellant grabbed the hat away. Castillo took the hat back and found a white
powdery substance concealed inside of a folded dollar bill. Castillo grabbed Appellant's arm but
Appellant resisted. Castillo took Appellant to the floor in an effort to gain control, but Appellant
continued to resist. Tavarez assisted Castillo in handcuffing Appellant. They took Appellant inside
to a hallway while they called the Sheriff's Department. 

 In her written statement, Tavarez said that while they were waiting for a deputy sheriff to
arrive, an unknown person removed the dollar bill from Appellant's pocket. However, some of the
white powdery substance remained in the pocket. Castillo and Tavarez believed that Appellant's
wife, who was present at the scene, might have removed the dollar bill. Consequently, Tavarez
searched her and found a dollar bill but she did see any white powder on it. The Sheriff's
Department submitted Appellant's shirt and a dollar bill to the DPS lab for testing. The lab found
.01 grams of cocaine in the shirt pocket and .28 grams on the dollar bill. It is not clear from the
limited evidence presented by Appellant whether the dollar bill submitted for testing was the same
one found in his wife's possession or if the officers subsequently found another dollar bill in
Appellant's possession.

 Appellant did not call his attorney or any other witness to testify in support of his writ
application. The trial court entered findings of fact and conclusions of law and denied the requested
relief. 

 INEFFECTIVE ASSISTANCE


 Appellant raises five issues on appeal related to his claim of ineffective assistance. He
alleges that the trial court erred in denying habeas corpus relief where: (1) trial counsel failed to file
a motion to suppress based on an illegal detention by a private security guard; (2) trial counsel failed
to file a motion to suppress based on an illegal search by a private security officer; (3) trial counsel
advised him to plead guilty even though "the suspected cocaine he was on trial for had mysteriously
disappeared"; (4) trial counsel advised him to plead guilty even though the State could not establish
a chain of custody for the cocaine; and (5) trial counsel failed to file a motion to dismiss based on
a speedy trial violation.

 To prevail on a writ of habeas corpus, the proponent must prove his allegations by a
preponderance of the evidence. See Ex parte Thomas, 906 S.W.2d 22, 24 (Tex.Crim.App. 1995). 
In reviewing a trial court's decision to grant or deny relief on a writ of habeas corpus, the appellate
court should review the facts in the light most favorable to the trial court's ruling and should uphold
it absent an abuse of discretion. Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). 
Reviewing courts should afford almost total deference to a trial judge's determination of the
historical facts supported by the record, especially when the fact findings are based on an evaluation
of credibility and demeanor. Ex parte Peterson, 117 S.W.3d at 819 n.67. When dealing with mixed
questions of law and fact, the reviewing court should give the same level of deference if the
resolution of those questions turn on an evaluation of credibility and demeanor and review de novo
those mixed questions of law and fact that do not depend upon credibility and demeanor. Id. at 819. 
Unless reviewing courts are unable to determine from the record what the trial court's implicit
factual findings are, they should grant deference to implicit factual findings that support the trial
court's ruling. Id. The reviewing court should affirm as long as the decision is correct on any theory
of law applicable to the case. Ex parte Primrose, 950 S.W.2d 775, 778 (Tex.App.--Fort Worth 1997,
pet. ref'd).

 The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel's performance was deficient to the extent that counsel failed to function as the "counsel"
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
Under the second prong, the defendant must establish that counsel's deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson,
877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that
but for counsel's unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
Failure to make the required showing of deficient performance defeats the ineffectiveness claim.
Jackson, 877 S.W.2d at 771.

 When we review a claim of ineffective assistance, we indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable, professional assistance, and the
appellant must overcome the presumption that the challenged conduct can be considered sound trial
strategy. Jackson, 877 S.W .2d at 771. In any case analyzing the effective assistance of counsel, we
begin with the strong presumption that counsel was competent. Thompson v. State, 9 S.W.3d 808,
813 (Tex.Crim.App. 1999). We presume that counsel's actions and decisions were reasonably
professional and were motivated by sound trial strategy. Jackson, 877 S.W.2d at 771; Kegler v.
State, 16 S.W.3d 908, 911 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). The defendant must
rebut the presumption that the challenged conduct can be considered sound trial strategy. Jackson,
877 S.W .2d at 771. If the record is silent as to the facts, circumstances, and rationale behind an
attorney's particular course of action, we are compelled to find that the defendant did not rebut the
presumption that it was a reasonable one. See Thompson, 9 S.W.3d at 814.

 The State asserts that Appellant has failed to rebut the trial strategy presumption because he
did not obtain an affidavit from his trial attorney or call him as a witness at the writ hearing. We
agree. Allegations of ineffective assistance of counsel must be firmly founded in the record and the
record must affirmatively demonstrate the alleged ineffectiveness. Mallett v. State, 65 S.W.3d 59,
63 (Tex.Crim.App. 2001); Thompson, 9 S.W.3d at 814. Because Appellant failed to present any
evidence establishing the facts, circumstances, and rationale behind counsel's acts and omissions,
he has not carried his burden under Strickland. The record is wholly inadequate to rebut the
presumption that counsel's decisions were based on sound trial strategy. Further, Appellant offered
no evidence to substantiate other factual allegations such as the State's purported inability to
establish a chain of custody of the shirt, dollar bill, and cocaine. Simply attaching to the writ
application witness statements and reports found in the State's file does not prove that the State
could not have established a chain of custody for these items of evidence. Accordingly, we overrule
Issues One through Five and affirm the order denying habeas corpus relief.


May 24, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)