# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00599-CR

**Jose Olivo Beltran, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-01-269, HONORABLE JACK ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Olivo Beltran guilty of capital murder. *See* Tex. Pen. Code Ann. § 19.03(a)(2) (West Supp. 2004-05). The State did not seek the death penalty, and the district court assessed punishment at imprisonment for life. *See id.* § 12.31(a) (West 1993); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2004-05). We will affirm the conviction.

Appellant was the leader of the San Antonio chapter of the Latin Kings. Some members of the gang, among them the deceased Christopher Guillen, were dissatisfied with appellant's leadership. Guillen told another member, Oscar Esparza, that he wanted to kill appellant. Esparza told appellant what Guillen had said.

On March 2, 2001, a number of Latin Kings, including appellant, Guillen, and Esparza, attended a party in Shevonne Ledesma's apartment. Appellant brought up the subject of Guillen's statements, and it was agreed that Guillen should be beaten and expelled from the group.

The other members of the Kings began to beat Guillen with their hands and feet until he fell to the floor. After the beating, appellant took several Kings to a bedroom and told them that he wanted Guillen "terminated." Esparza testified that he refused to participate, but that another member, Paul Delarosa, agreed to do the killing. A few minutes later, Delarosa left the apartment with Guillen. Guillen's body was found the next day lying beside a road in rural Hays County. He had been severely beaten and shot four times.

Esparza, Delarosa, and appellant met again at Ledesma's apartment a few days after the murder. Esparza testified that Delarosa told him that he "did it" and described the details of the murder. Ledesma testified that she heard appellant ask Delarosa if "he did what he had to do," and that Delarosa replied, "He's dead." Another person present at the apartment, Bianca Ferrell, testified that Delarosa told her that he "took [Guillen] to some field and he shot him." In his only point of error, appellant complains that his trial attorney was ineffective because he failed to object to this hearsay testimony as a violation of his Sixth Amendment confrontation right.

Appellant urges that the admission of Delarosa's out-of-court statements violated the Sixth Amendment as interpreted in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). Although appellant's trial was held before *Crawford* was announced, appellant argues that his counsel should have voiced a Confrontation Clause objection because a hearsay objection alone was inadequate to protect his rights. *See Bunton v. State*, 136 S.W.3d 355, 369 (Tex. App.—Austin 2004, pet. ref'd) (holding alleged *Crawford* error waived by failure to object).

In *Crawford*, the Supreme Court wrote that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly

2

its use of *ex parte* examinations as evidence against the accused." 158 L. Ed. 2d at 192. Accordingly, the Court held that testimonial hearsay is admissible under the Sixth Amendment only if the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine. *Id*. at 203. The Court did not give a comprehensive definition of testimonial hearsay, but held that the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Id*.

Delarosa's statements describing his involvement in Guillen's murder were not made at a preliminary hearing, before a grand jury, or at a former trial, nor were they the product of police interrogation. Instead, the statements were made to friends and fellow gang members at an informal gathering. They clearly were not the product of an *ex parte* examination of the sort condemned in *Crawford*. *See* 158 L. Ed. 2d at 192 ("casual remark to an acquaintance" not testimonial). Delarosa's hearsay statements were not testimonial within the meaning of *Crawford*.

Counsel's hearsay objection was overruled on the ground that Delarosa's statements were against his penal interest. Tex. R. Evid. 803(24). At the time appellant was tried, the admission of hearsay did not violate the Confrontation Clause if the statement fell within a firmly rooted hearsay objection or if the statement contained such particularized guarantees of trustworthiness that adversarial testing would be expected to add little to its reliability. *See Ohio v. Roberts*, 448 U.S. 56, 66 (1980) (disapproved in *Crawford*). In *Crawford*, the Supreme Court suggested that the admissibility of nontestimonial hearsay may be outside the scope of the Sixth Amendment entirely. 158 L. Ed. 2d at 203. Whether judged in light of *Roberts* or of *Crawford*,

3

counsel's failure to lodge a Confrontation Clause objection at the time appellant was tried was not outside the broad range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The point of error is overruled.

In correspondence to this Court, appellant complains that his counsel on appeal filed an unacceptable brief.[1] In particular, appellant believes that counsel should have urged that the evidence is insufficient to sustain his conviction. We will consider this contention in the interest of justice.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew

---

[1] On December 27, 2004, two months after this cause was submitted for decision, counsel filed a motion to abate the appeal for a determination of appellant's desire for self-representation. There is no Sixth Amendment right to self-representation on appeal. *Martinez v. Court of Appeal*, 528 U.S. 152, 163 (2000). This Court has stated that there is no state constitutional right of self-representation on appeal. *Glenn v. State*, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082, at *3 (Tex. App.—Austin Aug. 6, 2003). But even if there is an independent state right, it is not a license to capriciously upset the appellate timetable. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). It is inconsistent with the orderly administration of justice to entertain a request for self-representation made after all briefs have been filed and the appeal has been submitted for decision. *See Thomas*, 906 S.W.2d at 24. The motion is overruled.

reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

The indictment alleged that Guillen was murdered in the course of a kidnapping or attempted kidnapping, and the jury convicted appellant as a party to the alleged offense. *See* Tex. Pen. Code Ann. § 19.03(a)(2). Appellant contends that there is no evidence of a kidnapping because there is no evidence that Guillen was taken from Ledesma's apartment against his will. Appellant particularly notes that there was no testimony that Guillen "yelled for help or told anyone that he didn't want to leave."

A person commits the offense of kidnapping by intentionally or knowingly restricting another person's movements without consent, so as to interfere substantially with the person's liberty, by either confining the person or moving him from one place to another. Tex. Pen. Code Ann. § 20.01(1), (2) (West Supp. 2004-05), § 20.03(a) (West 2003). This restraint must be accompanied by an intent to prevent the other person's liberation either by secreting or holding him

5

in a place where he is not likely to be found or by using or threatening to use deadly force. Tex. Pen. Code Ann. 20.01(2) (West Supp. 2004-05).

Based on the evidence presented at appellant's trial, a rational jury could have found beyond a reasonable doubt that Guillen left Ledesma's apartment with Delarosa; Delarosa restricted Guillen's movements without his consent by means of the intimidation created by the earlier beating; Delarosa interfered substantially with Guillen's liberty by confining him in his vehicle and by moving him from the apartment to the place of the murder; and Delarosa intended to prevent Guillen's liberation by either secreting him in a place where he was not likely to be found or by using deadly force. The evidence is legally and factually sufficient to support the jury's finding that Guillen was murdered in the course of a kidnapping. *See Swearingen v. State*, 101 S.W.3d 89, 95-96 (Tex. Crim. App. 2003). Although appellant does not expressly make this argument, we also find the evidence to be legally and factually sufficient to support the finding that appellant was a party to the murder. *See* Tex. Pen. Code Ann. § 7.02 (West 2003).

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: January 27, 2005

Do Not Publish

6