

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00756-CR

**EX PARTE UGONNA NWOGU**

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 2536
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: January 29, 2014

AFFIRMED

This is an accelerated appeal from the denial of appellant's application for a writ of habeas corpus in which she asked the trial court to overturn her conviction and sentence for theft by check and allow further proceedings in the trial court. She also asked that she be released from confinement. The basis of her application is that she received ineffective assistance of counsel because counsel did not properly advise her of the immigration consequences of her plea and the trial court failed to properly admonish her regarding immigration consequences. We affirm.

### BACKGROUND

Appellant was born in Imo State, Owerri, Nigeria on March 11, 1988. When she was seventeen years old, she immigrated with her parents to the United States. Since her arrival, she

has lived with her mother in San Antonio, Texas. Appellant is a permanent resident and holds a Green Card.

In February 2008, appellant pled nolo contendere to theft, and she received and completed six month's deferred adjudication. In July 2011, appellant pled nolo contendere to theft by check and was sentenced to ninety days' confinement and fined $200.00. Her sentence was probated and she was placed on six months' community supervision. In July 2013, United States Immigration and Customs Enforcement Agents arrested appellant for deportation because her two prior offenses involved moral turpitude and did not arise out of a single scheme of criminal misconduct. Appellant then filed her application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure 11.072.

No hearing was conducted on appellant's application; however, she attached her affidavit and other exhibits to the application. In her affidavit, appellant alleged that prior to her 2011 plea, she informed her trial counsel that she was a legal resident and held a Green Card, but her attorney did not inform her about the immigration consequences of her plea. She also alleged neither her trial counsel nor the trial court properly admonished her that she would be deported or subject to deportation, or that her permanent residency status would be in jeopardy. Appellant contends that had she known of these consequences, she would not have pled nolo contendere.

## DISCUSSION

When reviewing the trial court's denial of an application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court is not required to conduct an evidentiary hearing before ruling on an appellant's writ application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 6(b) (West Supp. 2013) (allowing trial court in ruling on writ to order affidavits,

depositions, interrogatories, or a hearing, or to rely upon court's own personal recollection of events). Instead, the trial court may forego a hearing and rely upon affidavits in making its determination. *Id.*; *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). However, the burden remains on an applicant to prove facts by a preponderance of the evidence that she is entitled to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The trial court is the exclusive judge of the credibility of the witnesses. *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). This standard is true even when the evidence is submitted by affidavit. *Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002).

In *Padilla v. Kentucky*, the U.S. Supreme Court held that "counsel must inform [his] client whether his plea carries a risk of deportation." 559 U.S. 356, 374 (2010). Counsel's performance is deficient under the *Strickland* standard if counsel fails to advise a noncitizen client about deportation consequences that are "truly clear." *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Padilla*, 559 U.S. at 368-69). The Texas Code of Criminal Procedure requires a trial court, prior to accepting a plea of guilty or nolo contendere, to admonish a defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4). In this case, appellant contends both *Padilla* and article 26.13(a)(4) were violated.

In addition to her affidavit, the only other evidence attached to appellant's writ application were the records from her 2008 plea and the transcript of the hearing from her 2011 plea. At the plea hearing, the trial court stated as follows:

I also need to be assured that each[1] of you have been told . . . that if you're not citizens of the United States, a plea of guilty or nolo contendere could result in you being deported, could result in you not being able to reenter the United States or it could result in you not being able to be naturalized under the laws of the United States. Do you both understand?

Appellant replied "Yes, Your Honor."

None of the written admonishments from the 2011 plea were attached as exhibits to appellant's application, and they are not otherwise contained in the record on appeal. However, it is clear from the transcript of the hearing that the trial court had certain documents before it because, after the above admonishment, the court stated: "I'm going to show you these documents. They take up those rights and [I'm going to] ask you is that your signature right there at the top?" Appellant replied, "Yes, ma'am."

The judge who presided over appellant's 2011 plea hearing is the same judge who denied appellant's writ application. In the order denying the application, the judge stated "no hearing is necessary" and "after reviewing [appellant's] writ and relying on the Court's recollection, the Court finds from the face of the writ, that [appellant] is manifestly entitled to no relief." As the exclusive judge of a witness's credibility, the trial court was not required to believe appellant's allegations that her attorney failed to properly admonish her, and we must defer to the trial court's implied findings that appellant was properly advised and the holding in *Padilla* was not violated. We also conclude the trial court's verbal admonishment complies with Texas Code of Criminal Procedure article 26.13(a)(4); therefore appellant was properly admonished by the trial court prior to the court accepting her plea.

---

[1] The trial court had appellant and another defendant before it during the hearing.

## **CONCLUSION**

Based upon this record, appellant failed to prove facts by a preponderance of the evidence that she was entitled to relief. Therefore, we must conclude the trial court did not abuse its discretion when it denied appellant's application for writ of habeas corpus.

Sandee Bryan Marion, Justice

Do not publish