WR-80,453-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/22/2015 11:10:12 AM
Accepted 10/22/2015 11:40:48 AM
ABEL ACOSTA
CLERK

No. WR 80,453-04

RECEIVED
COURT OF CRIMINAL APPEALS
10/22/2015
ABEL ACOSTA, CLERK

| EX PARTE | § | IN THE COURT OF |
|---|---|---|
|  | § | CRIMINAL APPEALS |
| WILLIAM G. DALE | § | OF TEXAS |

## MOTION TO REMAND FOR EVIDENTIARY HEARING AND FINDINGS AND CONCLUSIONS

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, WILLIAM G. DALE, Petitioner, and makes the following request for relief:

1.

This is a subsequent postconviction habeas corpus petition. In cause no. 9-202-CR, pending in the 77th District Court of Freestone County, Texas, the Hon. Patrick Simmons, Judge Presiding, Petitioner was charged by indictment with the offense of indecency with a child, *see* TEX. PENAL CODE § 21.11 (a) (1), (d). Specifically, the indictment alleged that Petitioner, with the intent to arouse or gratify his sexual desire, intentionally or knowingly engaged in sexual conduct with Mallory Beatty, by touching her breast with his hand, and Beatty was a child younger than 17 years of age and not his spouse. Petitioner pleaded not guilty to this charge and exercised his right to jury trial.

Trial was conducted from September 6-9, 2011. The jury convicted Petitioner of the offense. Punishment was heard before the jury, which assessed punishment at six years confinement.

In cause no. 9-194-CR, pending in that same court, Petitioner was charged by indictment with the offense of aggravated sexual assault. *See* TEX. PENAL CODE § 22.021 (a) (1) (B) (i), (b) (1), (e). Specifically, the indictment alleged that Petitioner intentionally and knowingly caused the penetration of the sexual organ of Mallory Beatty, a child who was then and there younger than 14 years of age and not the Petitioner's spouse, by Petitioner's finger. Petitioner pled not guilty to this charge and exercised his right to jury trial. Trial was to the same jury as in cause no. 9-202-CR. The jury convicted Petitioner of this offense. Punishment was to the same jury. Following the punishment hearing, the jury assessed punishment at 15 years confinement.

2.

Petitioner filed a subsequent writ application in the trial court, alleging that he had newly discovered evidence of factual innocence. Specifically, Petitioner presented the affidavit of Heba Nazaal, a witness who swore that the complainant had told her a vastly different

version of the offense—with another assailant instead of Petitioner. In his application and brief in support of the application, Petitioner provided affidavits showing that the factual basis for this ground for relief was not available to him at the time he filed the initial writ application.

3.

On October 21, 2015, the undersigned counsel received notice from this Court that the writ had been received and submitted. This was the first notice counsel had received of the disposition of the writ application; he had not received any notices from the trial court (beyond the return of the certified mail receipt card). If there were any findings of fact and conclusions of law submitted with the writ file, they have not been furnished to counsel as of this writing. Certainly no evidentiary hearing was conducted.

Regrettably, this is not the first time the trial court has so proceeded in this case. In Petitioner's initial writ application, the trial court sent the writ to this Court without conducting an evidentiary hearing or making findings of fact and conclusions of law. This Court remanded the cause for an evidentiary hearing and appropriate findings.

4.

There is no legitimate issue whether Petitioner satisfied the predicate for a subsequent writ. For purposes Article 11.07, § 4 (a) (1), a factual basis of a claim is unavailable on or before a date described in subsection (a) (1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date. *See also, Ex parte Brooks,* 219 S.W.3d 396, 401 (Tex. Crim. App. 2007).

This writ qualifies under the first subsection of Article 11.07, § 4 (a). The factual basis for the claim of factual innocence was not available to Petitioner when he filed his initial writ application and it could not have been discovered through the exercise of due diligence. The affidavits of Willie Dale and Kiley Ervine, which were attached to the writ application, established to a preponderance of the evidence that the factual basis for the claim of factual innocence was not available at the time of the first writ application, nor could it have been discovered by due diligence. This is not a basis for the trial court to have rejected this writ application.

5.

The trial court also erred in failing to conduct an evidentiary hearing. "The burden of proof in a writ of habeas corpus is on the

Petitioner to prove by a preponderance of the evidence his factual allegations." *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). Petitioner's application raised controverted and previously unresolved issues of fact material to Petitioner's conviction. The trial court could not determine whether or not the new evidence and witness were credible from a paper hearing. The trial court therefore prevented Petitioner from satisfying his burden of proof.

6.

The issue raised in this subsequent writ application, factual innocence, is cognizable on habeas review. In *Elizondo*, the court of criminal appeals held that a bare innocence claim is cognizable in an application for writ of habeas corpus. *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996). Incarceration of an innocent person offends federal due process, therefore a bare innocence claim raises a constitutional challenge to the conviction.

Petitioner's writ application and brief showed that the complainant in this case had fabricated her account of the alleged assault. At trial, she claimed that Petitioner had sexually assaulted her virtually in the presence of his family while she, Petitioner and his family were watching a video in his family's lake house.

By contrast, the complainant told a disinterested witness that the alleged assault occurred on a totally different occasion, under different facts and this time Petitioner's father, not Petitioner was the assailant. To be granted relief on a bare innocence claim, the applicant must show that the new evidence unquestionably establishes his innocence. *Elizondo,* 947 S.W.2d at 208-09. This means that the applicant must prove by clear and convincing evidence that no reasonable juror would have convicted the applicant in light of the new evidence. *Id.* at 209. To determine whether a habeas applicant has reached this level of proof, the convicting court weighs the evidence of the applicant's guilt against the new evidence of innocence. *Id.* at 207.

Petitioner presented at least a prima facie case that no reasonable juror would have convicted him in light of the new evidence. Because his application has merit and further meets the threshold test for consideration of a subsequent writ, the trial court could not have properly rejected the writ without conducting a hearing and making findings of fact and conclusions of law. Petitioner therefore prays that the Court remand the cause to the trial court for an evidentiary hearing and appropriate findings.

Respectfully submitted,

/s/ John D. Nation
John D. Nation
State Bar No. 14819700
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
214-800-5160
214-800-5161 (facsimile)
nationlawfirm@gmail.com

Faith S. Johnson
State Bar No. 18367550
5201 N. O'Connor Blvd., Suite 500
Irving, Texas 75039
972-401-3100
972-401-3105 (fax)
fjassociates@att.net

Counsel for Petitioner

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a true copy of this motion on Hon. Chris Martin, District Attorney, Freestone County, 118 E. Commerce, Room 305, Fairfield, Texas 75840, via facsimile 903-389-5289, on this 22nd day of October 2015.

/s/ John D. Nation
John D. Nation