WR-84,235-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2015 4:54:26 PM
Accepted 12/22/2015 4:58:23 PM
ABEL ACOSTA
CLERK

No. WR-84,235-01_____

| | | |
|---|---|---|
| EX PARTE | § | In the Court of Criminal |
| GUY ANDREW INMAN, JR. | § | Appeals of the State of Texas |

## PETITIONER'S MOTION TO STAY PROCEEDINGS
## AND TO REMAND APPLICATION TO TRIAL COURT FOR FURTHER FACTUAL DEVELOPMENT

COMES NOW, Guy Andrew Inman, Jr., Applicant in the above styled and numbered Application for Writ of Habeas Corpus, by and through his counsel of record, ASHLEY BURLESON, and files this Motion to Stay Proceedings and to Remand Application to Trial Court for Further Factual Development, pursuant to Article 11.07 (3)(d) of the Texas Code of Criminal Procedure, and in support thereof would show the following:

## I.
## PROCEDURAL HISTORY

On or about January 13, 2010, Applicant pled guilty in Cause No. 199-81524-06 to four counts of aggravate sexual assault of a child in the 199TH Judicial District Court of Collin County, Texas in Cause No.'s 199-81524-06. On or about April 13, 2015, Applicant filed this Application for Writ of Habeas Corpus. The State of Texas responded with a proposed finding that applicant's claims of ineffective assistance of counsel at trial required a response from trial counsel

through an affidavit. The Court designated those issues that needed to be resolved and ordered trial counsel to respond to each of those issues. Two weeks beyond their due date, and after applicant moved the trial court to find trial counsel in contempt of its order, trial counsel filed a response to each designated issue.

Due to trial counsel's lack of cooperation in providing applicant's counsel with records and other materials, thereby denying applicant opportunity to sufficiently develop the facts supporting his claims, applicant requested that the trial court conduct a live evidentiary hearing. Additionally, because he is confined, applicant requested that the trial court allow him to participate by way of video conference. The trial court did not rule on either motion.

On November 23, 2015, the clerk of the court sent applicant's Application for Writ of Habeas Corpus and all related materials to this Court for resolution.

## II.
## APPLICATION FOR WRIT OF HABEAS CORPUS
## CLAIMS FOR RELIF

In his application for Writ of Habeas Corpus, applicant asserted that trial counsel was ineffective for failing to properly investigate the facts of the case; failed to interview his alibi witnesses; failed to conduct an adequate investigation; provided applicant with erroneous advice for purposes of inducing his guilty plea, and failed to properly pursue a fast and speedy trial.

## III.
## INSUFFICIENT FACTS TO SUPPORT TRIAL COURT'S FINDINGS
## OF FACT AND CONCLUSIONS OF LAW

Rule 73.1(c) of the Texas Rules of Appellate procedure states that, in a post-conviction application for Writ of Habeas Corpus, the applicant must provide all information required by the form, "specify all grounds for relief," and "set forth in summary fashion the facts supporting each ground." "Requiring an applicant to state with specificity the grounds for relief, and to include a concise factual recitation in support of those grounds, provides an opportunity for an applicant to present his case and permits the judge of the convicting court and this Court to efficiently and fully address the applicant's claims." *Ex Parte Blacklock*, 191 S.W.3d 718 (Tex. App. 2006). Thus, it is the applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of evidence. *See Ex Parte Thomas,* 906 S.W.2d 22, 24 (Tex. Crim. App. 1995) ("The burden of proof in a writ of habeas corpus is on the applicant to prove by a preponderance of the evidence his factual allegations"). Obviously, if the trial court does not allow applicant opportunity to fully develop the factual support for his claims, the result is that the application will be dismissed.

Without an evidentiary hearing, the trial court entered its findings of fact and conclusions of law. This Court affords almost total deference to a trial court's findings in habeas proceedings, especially when those findings are based upon credibility and demeanor. *Ex Parte Martin*, 6. S.W.3d 524, 526 (Tex. 1999). However, if the trial court's findings are not supported by the record, then this Court may reject its findings. *Ex Parte White*, 160 S.W.3d 46 (Tex. 2004). Here, the trial court entered findings of fact unsupported by the record and, in fact, in contradistinction to the record.

**Finding of Fact No. 1**:

The trial court found that trial counsel to be credible for no reason other than Walpole is an officer of that court. If anything, trial counsel is either incompetent or unreliable, and in either case cannot possibly be considered credible.

In his representation of applicant in Cause No. 199-81524-06, trial counsel violated more than one Rule within the Texas Disciplinary Rules of Professional Conduct (1989). He ignored an order from the trial court allowing him to take applicant to his home to retrieve exculpatory evidence. That exculpatory evidence would have provided a very different outcome. Applicant would not have pleaded

guilty. Instead, he would have proceeded to trial or, in the alternative, the State could have abandoned the charges. Trial counsel entered applicant's home without applicant in search of incriminating evidence which he then shared with the prosecutor. Trial counsel's conduct violated Rule 1.01(b)(1)(2)(c) (Competent and Diligent Representation) and Rule 3.04 (Fairness in Adjudicatory Proceedings) when he neglected to take applicant to his home to retrieve exculpatory evidence. Trial counsel then violated Rule 1.06(a) (Conflict of Interest: General Rule) and Rule 1.14 (a)(b)(c)(Safekeeping Property) when he shared materials which he collected from applicant's home with the prosecutor instead of discussing what he found with applicant, his client.

In his representation of Applicant in Cause No. 199-81524-06 trial counsel failed to properly investigate applicant's defense which included his failure to interview applicant's alibi witnesses; failed to take applicant to his home to retrieve exculpatory evidence; failed to provide applicant with proper legal advice regarding the dates of the offense as alleged in the indictment; withheld evidence necessary to applicant's defense; and failed to pursue a fast and speedy trial. Walpole's conduct violated Rule 1.01(b)(1)(2)(c) (Competent and Diligent Representation), Rule 1.06(a) (Conflict of Interest: General Rule), Rule 1.14 (a)(b)(c) (Safekeeping Property), Rule 3.04 (Fairness in Adjudicatory Proceedings), and Rule 8.04(A)(3)(4)(12)(Misconduct).

Since applicant's conviction, and even in the instant habeas proceeding, trial counsel has violated these Texas Rules of Texas Disciplinary Rules of Professional Conduct. He destroyed property belonging to applicant, some of which would have demonstrated applicant's innocence, and all of which was known to him during the proceedings in Cause No. 199-81524-06. He refused to provide records and other materials to applicant's counsel in these proceedings. **Finding of Fact No. 2:**

As evidence of his lack of professional responsibility, trial counsel was late in filing his affidavit in these proceedings. In his response to designated issues, trial counsel masked his refusal to respond truthfully with the redundant, *"as I recall, I spent a great deal of time explaining to the Applicant that the court was not bound to the specific date in the indictment."* At every turn, trial counsel has sought to impede applicant's ability to prove his innocence and to affirm his guilt. This is not the kind of conduct required of a criminal defense attorney and therefore trial counsel is not credible.

**Finding of Fact No. 4:**

Applicant has no way of knowing with any certainty that the evidence trial counsel discussed with the prosecutor corroborated the victim's version of events since Applicant does not know what that evidence was. Trial counsel did not reveal this in his affidavit. This fact must be further developed.

**Finding of Fact No. 6:**

Unless Applicant knows exactly what trial counsel retrieved from Applicant's home, Applicant is not able to develop factual support for this claim. Trial counsel must be directed by the trial court to reveal what he collected from Applicant's home. As stated in Finding of Fact No. 4 above, this fact must be further developed.

**Finding of Fact No. 7:**

Again, the trial court deprived Applicant of any opportunity to develop the factual support for this claim. Absent any opportunity to develop the factual support for his claims, Applicant cannot prove his claim. This fact must be further developed.

**Finding of Fact No. 8:**

This finding is incorrect. Applicant identified his alibi witnesses in his Response to the State's Answer as those who trial counsel called the day of trial and who would have confirmed that Applicant was not anywhere near the complainant when the sexual assaults allegedly occurred. This fact requires further development.

**Finding of Fact No. 9:**

This finding by the trial court would be negated with the testimony of Applicant's alibi witnesses. Again, the testimony of these witnesses must be elicited either through affidavit or an evidentiary hearing. This is a fact that requires further development.

**Finding of Fact No. 10:**

As with Finding of Fact No. 9 above, this finding by the trial court would be negated with the testimony of Applicant's alibi witnesses. Again, the testimony of these witnesses must be elicited either through affidavit or an evidentiary hearing. This is a fact that requires further development.

**Finding of Fact No. 11:**

As with Finding of Fact No. 9 and 10 above, this finding by the trial court would be negated with the testimony of Applicant's alibi witnesses. Again, the testimony of these witnesses must be elicited either through affidavit or an evidentiary hearing. Of course, were it shown that Applicant was in a different city (and State) when the sexual assaults allegedly occurred, Applicant would not have been found guilty. This is a fact that requires further development.

**Finding of Fact No. 12:**

Trial counsel has not produced a motion for fast and speedy trial prepared by him for Applicant, nor has trial counsel provided any notes, memos, or other

written materials which would show that he advised Applicant of his right to a fast and speedy trial.

**Finding of Fact No. 13:**

Trial counsel did not turn his file over to anyone at Applicant's request several years ago. Trial counsel gave someone some items belonging to Applicant but did not give away Applicant's file. This fact can be further developed.

**Finding of Fact No. 15:**

That State has not been prejudiced by Applicant's delay in this case. The facts of the case have not been developed to the extent the State could be prejudiced. If there is an absence of any facts, record or otherwise, it will not be owing to any delay but rather it will have been trial counsel's misconduct that produced that affect.

**Finding of Fact No. 16:**

This finding by the trial court is without factual or legal support. The number of times the case passed prior to trial counsel's appointment is irrelevant. Trial counsel is responsible for his own representation once he was appointed. Immediately upon appointment, trial counsel should have recognized that the case had been continued for too long and therefore the need for a fast and speedy trial.

**Finding of Fact No. 17:**

This finding by the trial court is without factual support. Trial counsel called Applicant's alibi witnesses the day of trial and sought a continuance because he was not prepared for trial. This fact is supported by the record. Obviously, trial counsel had not used the time he spent wisely.

**Finding of Fact No. 18:**

This finding by the trial court is without factual support. Trial counsel sought a continuance the day of the trial and this is supported by the record.

**Finding of Fact No. 19:**

This finding by the trial court merely echoes the response given by trial counsel in his affidavit. In addition to being false, this finding demonstrates that Applicant was taken to court and prosecuted by the State with the help of the district attorney's office, Applicant's trial counsel, and the trial court for being a criminal generally. This finding is without factual and legal support.

**Finding of Fact No. 20:**

With further factual development, Applicant would show that, by a preponderance of evidence, counsel was deficient for failing to advise him of his right to a fast and speedy trial. This conclusion will follow the factual development of Applicant's alibi witnesses. Had trial counsel interviewed Applicant's alibi witnesses, the witnesses would have placed Applicant in locations other than where the sexual assaults allegedly occurred, thereby making it

impossible for Applicant to have committed the assaults. With this evidence, trial counsel could have moved for a fast and speedy trial and introduced this evidence exonerating Applicant.

**Finding of Fact No. 21:**

See Response to Finding of Fact No. 20 above.

**Finding of Fact No. 22:**

This finding by the trial court appends greater credibility to trial counsel than to Applicant and the reason for this can be found in Findings of Fact No. 19 and 23. However, as shown, trial counsel is not credible.

**Finding of Fact No. 23:**

The trial court cannot enter a finding of fact unsupported by fact and law. The trial court cannot find any fact predicated upon fantasy; that Applicant pled guilty because Applicant knew he would be found guilty because of his criminal record. The trial court cannot possibly know this to be a fact. Furthermore, Applicant did not languish in Collin County Jail near death just to plead guilty because he was concerned about his past. The trial court, with the help of the prosecutor and Applicant's counsel, tortured Applicant to near death to force his guilty plea and this is a matter of record.

All that the trial did was to rubber stamp the State's proposed findings.

## CONCLUSION

The trial court entered findings of fact and conclusions of law not supported by the record. The trial court entered findings of fact and conclusions of law which do not find any support either in fact or in law. Applicant has alleged sufficient facts to be entitled to further factual development.

**WHEREFORE**, Applicant prays this Honorable Court of Criminal Appeals grants this motion to stay proceedings and remand this application for Writ of Habeas Corpus back to the trial court for further factual development of his claims.

Respectfully Submitted,

MR. ASHLEY BURLESON, ATTORNEY AT LAW

By:_____

Ashley B. Burleson
Texas State Bar No. 24058633
1001 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 201-7399
Facsimile: (888) 260-5496
Email: ashleycando@gmail.com
**ATTORNEY FOR APPLICANT**

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing APPLICANT'S MOTION TO STAY PROCEEDINGS AND TO REMAND APPLICATION TO TRIAL COURT FOR FURTHER FACTUAL DEVELOPMENT has been sent to counsel representing the State by placing the same in the U.S Mail, Certified, and addressed as follows:

Amy Sue Melo Murphy
Assistant Criminal District Attorney
SBT # 24041545
2100 Bloomdale Rd., Ste 200
McKinney, Texas 75071
(972) 548-4323
(214) 491-4860 Fax
asmurphy@co.collins.tx.us

**MR. ASHLEY BURLESON, ATTORNEY AT LAW**

By:_____
Ashley B. Burleson
Texas State Bar No. 24058633
1001 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 201-7399
Facsimile: (888) 260-5496
Email: ashleycando@gmail.com